# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

CIVIL DIVISION

LOU J. OATES, III, an individual,

    Plaintiff,

v.

TROPICAL FUN ZONE, LLC,

    Defendant.

No. 10731-2018

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiffs
Firm #744

Counsel of Record for this Party:

Benjamin W. Schweers, Esquire
PA ID No. 313750

Anthony J. Bianco, Esquire
PA ID No. 324485

GOLDBERG, PERSKY & WHITE, P.C.
11 Stanwix Street, STE 1800
Pittsburgh, PA 15222
(412) 471-3980
Firm # 744

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

CIVIL DIVISION

LOU J. OATES, III, an individual,

    Plaintiff,

No. 10731-2018

v.

TROPICAL FUN ZONE, LLC,

    Defendant.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICES
BEAVER COUNTY BAR ASSOICATION
788 TURNPIKE STREET
BEAVER, PENNSYLVANIA, 15009
TELEPHONE: (724) 728-4888

## COMPLAINT IN CIVIL ACTION

### Count One: Negligence

1. Plaintiff, Lou J. Oates, III, (hereinafter "Plaintiff" and/or "Oates") is an individual residing at 530 Palissey Street, East Liverpool, Ohio, 43920.

2. Defendant, Tropical Fun Zone, LLC, (hereinafter "Defendant") is a corporation doing business in the Commonwealth of Pennsylvania as "Tropical Fun Zone," with a registered business address at 100 Wayne Street, Beaver Falls, Pennsylvania and principal place of business located at 710 Beaver Valley Mall Blvd., Route 18, Monaca, Pennsylvania, 15061.

3. At all times relevant to this complaint, Defendant owned, operated, possessed, maintained, directed and/or controlled the premises commonly known as Tropical Fun Zone, and as owners, and/or operators and/or controllers and/or directors, through its agents, servants and/or employees, Defendant had a duty to keep the premises free and safe of dangerous conditions which presented unreasonable risks of harm and injury to visitors on the premises, and to Plaintiff, in particular.

4. At all pertinent times hereto, Defendant acted through its duly authorized agents, servants, and employees, who were then and there acting in the course and scope their employment and in furtherance of the business of the Defendant.

5. At all times relevant to this matter, Defendant owned, possessed and/or maintained a business holding itself out as an "indoor fun center" offering various types of entertainment, *inter alia*, laser tag and "Balladium ball blaster cannons."

6. Upon information and belief, there are various areas of Tropical Fun Zone including, but not limited to, bumper cars, black light mini-golf, Balladium Ball Blaster Cannons (hereinafter "Balladium Ball Blaster Cannon area"), mini-lane bowling, and laser tag (hereinafter "laser tag area").

7. At all times relevant this matter, Defendant acted by and through its agents, servants and/or employees in maintaining said premises.

8. On June 16, 2016, Plaintiff was a business invitee to whom Defendant owed a reasonable duty of care to keep its commercial premises free of dangerous conditions.

9. Then and there, Plaintiff was a participant in a laser tag game in the laser tag area.

10. Plaintiff played one game of laser tag and then exited the laser tag area.

11. Plaintiff and his group then paid for another round of laser tag and started to play another round of laser tag.

12. Upon information and belief, Defendant offers an attraction which its website entitles "Balladium Ball Blaster Cannons."

13. Upon information and belief, this attraction involves the shooting and/or the projection of balls from toy cannons at targets and/or other objects.

14. Upon information and belief, the Balladium Ball Blaster Cannon area is located adjacent to the laser tag area of the facility.

15. The two areas are separated by a wall. The wall, however, does not extend from the ground to the ceiling, but rather there is approximately five (5) feet of space between the end of the wall and the ceiling.

16. The balls from the Balladium Ball Blaster Cannons are supposed to be contained to the Balladium Ball Blaster Cannon area of the facility.

17. Upon information and belief, one of the balls from the Balladium Ball Blaster Cannons traveled from that area of the facility to the floor of the laser tag area.

18. Upon information and belief, the laser tag area is a dimly lit part of the facility with low visibility.

19. Upon information and belief, participants of the laser tag area run through that part of the facility while playing.

20. During Plaintiff's second round of laser tag, Plaintiff stepped onto the ball from Balladium Ball Blaster Cannon area of the facility, which was not supposed to be located in the laser tag area.

21. As a result of stepping onto the ball, Plaintiff suffered an injury to his right leg, as more fully described herein.

22. Plaintiff's injury required him to undergo surgery which was followed by months of physical therapy.

23. Upon discovering that a ball from the Balladium Ball Blaster Cannons area had traveled into the laser tag area, and caused Plaintiff to injure his leg, one of Defendant's agents, servants and/or employees removed the ball from the laser tag area and placed it back into the Balladium Ball Blaster Cannon area of the premises.

24. All the resultant injuries and damages sustained by Plaintiff were the direct and proximate result of the negligence of the Defendant in creating or allowing an unsafe, dangerous or hazardous condition to exist on the premises, and in one or more of the following particulars:

    a. In failing to properly maintain the laser tag area of the premises.

    b. In failing to properly supervise Defendant's agents, servants and employees.

c. In failing to exercise reasonable care and inspection of the laser tag area.

d. In failing to discover the dangerous condition and in failing to remedy the condition.

e. In creating the dangerous condition by improperly maintaining the laser tag area of premises and allowing a ball from another area of the facility to remain there, without warning Plaintiff of the same and/or without protecting Plaintiff from the hazard created by the same.

f. In failing to properly inspect the laser tag area of the premises with sufficient frequency to allow Defendant to discover and remedy the dangerous condition that caused the Plaintiff to sustain an injury.

g. In failing to detect and remove an errant ball that was in high foot-traffic area on the premises.

h. In allowing an unsafe condition to exist beyond a reasonable amount of time, after receiving notice of the same.

i. In failing to warn Plaintiff of the dangerous condition.

j. In failing to clean and monitor the laser tag area following Plaintiff's first round of laser tag and prior to Plaintiff's second round of laser tag.

k. In failing to clear the walking area of the laser tag area and remedy the dangerous condition in a timely fashion, after notice.

l. In failing to have an effective procedure for inspection of the laser tag area of the premises in order to timely discover hazards such as the presence of a ball on the laser tag area's floor.

m. In undertaking the clearing of the laser tag area's floor in an incomplete or unreasonable manner, thereby creating and/or contributing to the dangerous condition.

n. In undertaking the clearing of the laser tag area's floor in an incomplete or unreasonable manner, thereby creating and/or exacerbating an existing dangerous condition.

o. In failing to have proper and adequate division between the laser tag area and the Balladium Ball Blaster Cannon area of the facility, despite knowledge that balls sometimes travel through the space between the end of the wall and the ceiling.

p. In failing to monitor if balls from the Balladium Ball Blaster Cannon area of the facility were traveling into the laser tag area.

q. In failing to have a system and procedure in place to ensure that balls from the Balladium Ball Blaster Cannon area of the facility were not leaving that area and making their way into the other areas of facility, such as the floor of the laser tag area.

r. In otherwise failing to exercise the degree of care due and owed to the Plaintiff under the circumstances.

25. As a direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff suffered the following injuries, some of which may be permanent:

    a. Right ACL tear;

    b. Right lateral meniscus tear;

    c. Weakness and instability in the right leg;

    d. Bruising;

    e. Surgical scarring;

    f. Temporary and permanent disfigurement;

    g. Increased risk of future surgeries;

    h. Other sequelae in the medical record.

26. As further direct and proximate result of the negligence of the Defendant as aforesaid, Plaintiff suffered and Defendant are liable for the following damages:

    a. Mental anguish – past, present and future;

    b. Physical pain and suffering – past, present and future;

    c. Embarrassment and inconvenience – past, present and future;

    d. Loss of life's pleasures;

    e. Past, present and future medical expenses incidental to Plaintiff's injury;

    f. Loss of earnings and wages and future earning power;

    g. Past, present and future impairment of Plaintiff's ability to enjoy hobbies and recreational pursuits;

    h. All other damages recoverable under law.

**WHEREFORE**, Plaintiff, Lou J. Oates, III, demands judgment against TROPICAL FUN ZONE, LLC, in a sum in excess of the arbitration jurisdiction of this Court, together with the costs of action and other relief as may be just.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL COUNTS.**

                                            **GOLDBERG, PERSKY & WHITE, P.C.**

                                            Respectfully submitted,

                                            Benjamin W. Schweers, Esquire
                                            PA ID No. 313750
                                            Anthony J. Bianco, Esquire
                                            PA ID No. 324485
                                            GOLDBERG, PERSKY & WHITE, P.C.
                                            11 Stanwix Street, STE 1800
                                            Pittsburgh, PA 15222
                                            412-471-3980
                                            Counsel for Plaintiff

## **VERIFICATION**

I, Lou J. Oates, aver that the statements of fact contained in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of my information, knowledge and belief, and are made subject to penalties of 18 Pa. Cons. Stat. Ann Section 4904 relating to unsworn falsification to authorities.

Date: 05-21-2018

_____
Lou J. Oates

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature: _____

Name: Benjamin W. Schweers, Esquire

Attorney No. 313750

**CERTIFICATE OF SERVICE**

I, Benjamin W. Schweers, Esquire, hereby certify that on July 9th, 2018, a true and correct copy of the within COMPLAINT IN CIVIL ACTION was served upon the following parties of record in these proceedings either by first class mail, postage prepaid, by facsimile transmission, or by hand delivery addressed as follows:

John W. Croumer, Esq.
**POST & SCHELL, P.C.**
1869 Charter Lane
P.O. Box 10248
Lancaster, PA 17605-0248

Benjamin W. Schweers, Esquire
PA ID No. 313750
GOLDBERG, PERSKY & WHITE, P.C.
Firm # 744
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
Phone (412) 471-3980
Fax    (412) 471-8308